UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCUS HILL, DEMETRIUS DAVIS, and DANIEL HUDDLESTON,

Plaintiffs,

v.

CITY OF CITRUS HEIGHTS POLICE DEPARTMENT, OFFICER S. LOMBARDO, OFFICER A. AZEVEDO, and Does 1-100,

Defendants.

No. 12-CV-02876-JAM-KJN

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter comes before the Court on Defendants City of Citrus Heights Police Department, Officer S. Lombardo, and Officer A. Azevedo's (collectively "Defendants") Motion to Dismiss (Doc. #12) Plaintiffs Marcus Hill, Demetrius Davis, and Daniel Huddleston's (collectively "Plaintiffs") First Amended Complaint (Doc. #11) ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion (Doc. #13)

("OPP").[1] For the reasons set forth below, Defendants' motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are all alleged "victims of gratuitous K-9 bites" by Bruno, a K-9 "trained and handled by [named D]efendant Police Officer Lomardo." FAC ¶ 2. Plaintiffs were all injured as a result during 2010 and 2011. Id. Plaintiffs all aver they submitted tort claims to the City of Citrus Heights and that their claims were "rejected or denied by operation of law." Id. ¶ 11, 13, 16, 18.

Through the pending Motion to Dismiss, Defendants argue Plaintiffs' state law claims are untimely and that the Citrus Heights Police Department is not an entity subject to suit, warranting dismissal of all claims asserted against the Citrus Heights Police Department and Plaintiffs' state law claims. See MTD.

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dimiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for April 17, 2013.

and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

2. California Tort Claims Act

Actions brought against public entities and their officials are governed by the California Tort Claims Act ("CTCA"), see Cal. Gov't Code § 810, *et seq.*, and "[t]he timeliness of such actions is governed by the specific statute of limitations set forth in the Government Code, not the statute of limitations applicable to private defendants." County of Los Angeles v. Superior Court, 26 Cal. Rptr. 3d 445, 448 (Cal.Ct.App. 2005)

(citations omitted).

The CTCA requires an injured party to present his or her claim to the public entity prior to initiating litigation against it. Cal. Gov't Code § 954.4. Under the CTCA, a claim against a public entity relating to any cause of action, other than one "for death or for injury to [a] person or to personal property or growing crops," must be presented to that entity prior to initiating litigation and "not later than one year after the accrual of the cause of action." Id. at §§ 911.2(a), 945.6.

Once a claim is timely filed, the public entity has forty-five (45) days to accept or reject the claim. Id. at § 912.4. A party then has six months to initiate litigation against the entity following written notice of rejection of his or her claim. Id. at § 945.6(a)(1). If the entity "fails or refuses to act within [45 days], the claim shall be deemed to have been rejected . . .," on the last day the entity was required to act. Id. at § 912.4. If no written notice is given to the party of the entity's rejection of the claim, the party must file an action with the court "within two years from the accrual of the cause of action." Id. at § 945.6(b).

B. Defendants' Motion to Dismiss

Defendants filed a Request for Judicial Notice in conjunction with their pending Motion to Dismiss. Doc. #13 ("RJN"). Pursuant to Federal Rule of Evidence 201, Defendants request the Court take judicial notice of "true and correct copies of documents in the possession of both Plaintiffs and Defendants concerning Plaintiffs' Tort Claims and their timely

rejection by Defendant Citrus Heights." Id. at 2. Defendants attach three "Index[es]" relating to each Plaintiff and what appears to be criminal records. Doc. #13-1. Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim, unless the material is attached to, or relied on by, the complaint, or the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and FED. R. EVID. 201). Plaintiffs oppose Defendants' request, arguing "the unverified Internet Exhibits are not facts themselves for which discretionary notice should be taken." OPP at 3. The Court agrees with Plaintiffs insofar as it finds that it cannot determine the exact nature of the documents for which Defendants seek judicial notice. It is not clear that these documents are public records that would fall well within FRE 201. In their Reply, Defendants refer to the documents as "official records", Doc. #15, pg. 3 n.1, however, the declaration authenticating the documents does not refer to the documents as such. See RJN. Accordingly, the Court denies Defendants' Request for Judicial Notice, since it appears Defendants have only presented unverified internet exhibits to this Court.

Turning to the merits of Defendants' Motion to Dismiss, the Court first addresses Defendants' arguments regarding the Citrus Heights Police Department, then the Plaintiffs' state law claims.

1. Citrus Heights Police Department

Defendants argue "[i]t has long been established that a

police department is not a separate entity capable of being sued;" therefore, Plaintiffs' claims against the Citrus Heights Police Department must be dismissed. MTD at 3, 5 (citing Vance v. County of Santa Clara, 928 F. Supp. 993 (N.D. Cal. 1996)). Plaintiffs concede that it is "the City of Citrus Heights that can be sued for the actions of the [named] police officers," but argues, erroneously, that "[m]isnaming a defendant, when all know the identity of true defendant [*sic*], is not grounds for dismissal." OPP at 1-2. The Citrus Heights Police Department is not a municipality, and therefore it is not subject to suit under state and federal law. See Monell v. Dep't of Social Services of City of New York, 436 U.S. 658 (1978). Accordingly, Plaintiffs' claims against the Citrus Heights Police Department are dismissed. Defendants do not seek dismissal with prejudice, and therefore, the Court grants Defendants' Motion without prejudice.

2. Plaintiffs' State Law Claims

Defendants argue Plaintiffs' state law claims, causes of action five through ten, are untimely because Plaintiffs failed to initiate this lawsuit in accordance with the requirements of the CTCA. Id. Defendants argue that Plaintiff Davis failed to properly plead compliance with the CTCA because, in the FAC, he only includes a vague reference to filing a claim. Id. As to Plaintiffs Hill and Huddleston, Defendants argue these Plaintiffs failed to timely initiate this suit within six-months of the City's rejection of their administrative claims. Id.

Plaintiffs do not respond to Defendants' arguments as to Plaintiffs Hill and Huddleston, beyond a sentence in their conclusion stating "[n]one of the plaintiff's [*sic*] state claims

should be dismissed . . . ." See OPP. However, since Defendants rely on their Request for Judicial Notice to substantiate their arguments, the Court cannot grant their Motion on this basis. Instead, the Court finds that Plaintiffs have failed to adequately plead compliance with the CTCA. See Iqbal; accord Jensen v. United States, 2012 WL 4755169 (E.D. Cal. Oct. 4, 2012). Indeed, nowhere in Plaintiffs FAC do they allege that the FAC is timely filed – a glaring omission. See FAC. Accordingly, Plaintiffs Hill and Huddleston's state law claims are dismissed. Although Defendants request dismissal with prejudice, the Court cannot find that allowing amendment would be futile. See Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Therefore, Plaintiffs Hill and Huddleston's state law claims are dismissed without prejudice.

Regarding Plaintiff Davis, Plaintiffs attempt to argue that the statute of limitations should be tolled due to Plaintiffs' incarceration. See OPP at pg. 2. This argument fails for several reasons. First, as Defendants correctly note, the statute relied on by Plaintiffs to support their argument has been expressly overruled and is not operative. REP at 2-3 (citing Moore v. Twomey, 120 Cal.App.4th 910 (2004)). In addition, Plaintiffs do not plead any facts in their FAC regarding their incarceration to support any alleged tolling. See FAC. Finally, in the last paragraph of their Opposition, Plaintiffs concede that Davis' claims should be dismissed "if any [of the Plaintiffs' claims] are dismissible." OPP at 3. For these reasons, Plaintiff Davis' claim must be dismissed. Again, although Defendants request dismissal with prejudice, the Court

cannot find that allowing amendment would be futile. See Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Therefore, Plaintiff Davis' state law claims are dismissed without prejudice.

In light of this ruling, the Court need not address Defendants' arguments that assume, *arguendo*, that Davis' claims would be untimely even if he complied with the CTCA.

III. ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is hereby GRANTED, WITHOUT PREJUDICE. If Plaintiffs wish to file an amended complaint it must be filed within twenty (20) days of this Order.

IT IS SO ORDERED.

Dated: May 30, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE