UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HILL, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITRUS HEIGHTS POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:12-cv-02876 JAM KJN<br><br><br><br>ORDER |

　　　　On March 27, 2014, this case was before the undersigned to address defendants' motion to compel.[1]  (ECF No. 20.)  Attorney Ellen C. Dove appeared telephonically for plaintiffs.  Attorney Bruce D. Praet appeared telephonically for defendants.  In their motion, defendants requested: (1) dismissal of plaintiff Hill's action with prejudice for his complete failure to respond to discovery requests; (2) an order compelling plaintiff Davis to produce certain documents and provide more thorough responses to interrogatories; and (3) an order compelling plaintiff Huddleston to produce certain documents; and (4) an award of monetary sanctions against all plaintiffs and their counsel.  (Id.)

////

---

[1] As stated at the hearing, the court is available to address future discovery issues via an informal teleconference.  If desired, the parties need only contact the undersigned's courtroom deputy who will arrange the conference.

1

  For the reasons discussed on the record at the hearing, defendants' motion is GRANTED in part and DENIED in part.  It is HEREBY ORDERED THAT:

  1.  Defendants' motion to compel documents pertaining to plaintiffs' education is denied without prejudice to any future request for such documents upon a showing that such documents are needed to advance defendants' defense to plaintiffs' claims or are otherwise relevant to some material issue in this case.[2]

  2.  Within seven days of the date of this order, defendants' counsel shall send to plaintiffs' counsel any and all documents required to authorize defendants to acquire plaintiffs' *medical* and *criminal* records.  Plaintiffs and plaintiffs' counsel must sign and return each authorization within twenty-one days of the date of this order.  Plaintiffs must include with the signed authorizations any and all information, to the best of their and their counsel's recollection, as to the location of the records and who controls them.  Defendants may resubmit this issue if the authorizations prove insufficient to acquire plaintiffs' records.

  3.  Plaintiff Hill shall provide defendants with complete and verified responses to defendants' interrogatories that are written in the first person and verified to the best of his knowledge within twenty-one days of the date of this order.  Failure to comply will result in a recommendation from the undersigned that plaintiff Hill's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

  4.  Plaintiff Hill shall produce any and all of the requested documents that are currently in his possession within twenty-one days of the date of this order.  Failure to comply will result in a recommendation from the undersigned that plaintiff Hill's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

  5.  Plaintiff Davis shall provide defendants with complete and verified supplementary responses to defendants' interrogatory numbers 1, 2, 3, 6, 14, 21 and 22 that are written in the first person and verified to the best of his knowledge within twenty-one days of the date of this

---

[2] At the hearing, plaintiffs' counsel stated on the record that plaintiffs will not claim lost future income or lost wages as part of their requests for damages.  Accordingly, any future attempts by plaintiffs to claim such damages will not be looked upon favorably.

order.

6. Plaintiff Davis shall produce any and all of the requested documents that are currently in his possession within twenty-one days of the date of this order.

7. Plaintiff Huddleston shall produce any and all requested documents that are currently in his possession within twenty-one days of the date of this order.

8. Plaintiffs are cautioned that any documents that are requested but not produced during discovery cannot be used to later support claims.  Moreover, each plaintiff will be held to the substance of his respective interrogatory responses.  Therefore, plaintiffs should take care to respond carefully and completely, and include any and all information within their recollection.  Failure to comply with any part this order could result in monetary sanctions and/or a recommendation of involuntary dismissal pursuant to FRCP 41(b) and Local Rule 110 with respect to the offending party.

9. Defendants shall file a brief statement with the court no later than seven days after the plaintiffs' submission deadlines indicating whether plaintiffs have complied with the court's order.  If plaintiffs have not complied, defendants shall also include in their statement a brief discussion of how plaintiffs' submissions were deficient and whether defendants will resubmit their motion to compel and request for sanctions with respect to those deficiencies.[3]

IT IS SO ORDERED.

Dated: April 1, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court has taken defendants' request for monetary sanctions in their current motion to compel under advisement.  While no monetary sanctions against any of the plaintiffs or their counsel will issue at this time, the court notes that it is amenable to revisiting this issue at a later time upon a showing by defendants that plaintiffs have failed to fully comply with this order.