UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HILL, et al., | No. 2:12-cv-2876-JAM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITRUS HEIGHTS POLICE DEPARTMENT, et al., | |
| Defendants. | |

On April 1, 2014, the court issued an order granting in part defendants' motion to compel further discovery responses from plaintiffs. (ECF No. 29.) This order required plaintiffs to provide defendants with release forms authorizing defendants to acquire plaintiffs' medical and criminal records, provide defendants with verified supplementary responses to defendants' interrogatories, and produce any and all of the documents defendants requested that were in plaintiffs' immediate possessions. (Id.) In addition, the order required defendants to provide the court with a status report within seven days of plaintiffs' submission deadline indicating whether plaintiffs fully complied with the court's discovery order. (Id.) Defendants have timely filed their status report. (ECF No. 30.)

Defendants state in their report that all three plaintiffs have largely complied with the court's discovery order. In particular, defendants claim that all plaintiffs have provided defendants with executed release forms for the medical and custodial records sought by the

1

original discovery requests and have provided defendants with supplemental interrogatory responses, most of which defendants find to contain adequate levels of information. (ECF No. 30 at 2.) However, defendants argue that certain of plaintiffs' responses continue to be inadequate. Specifically, defendants assert that all three plaintiffs have failed to fully comply with defendants' production request for "copies of any and all medical records, billing, x-rays, treatment reports and other documents verifying the injuries you claim resulted from this incident." (Id. at 2-3, 5.) Defendants further assert that plaintiff Davis provided inadequate supplemental responses to portions of defendants' sixth interrogatory, and that plaintiff Huddleston provided inadequate supplemental responses to defendants' sixth and twenty-second interrogatories. (Id. at 4-5.) Defendants request that the court minimally impose the $2275.50 in monetary sanctions currently under submission to compensate defendants for the actual costs incurred in obtaining plaintiffs' current discovery responses and that the court "impose appropriate evidentiary sanctions to exclude all evidence related to claims not properly supported by" plaintiffs' discovery responses that defendants contend to be inadequate. (Id. at 6.) Plaintiffs have filed objections to these requests. (ECF No. 31.)

As an initial matter, the court finds defendants' argument that plaintiffs' not obtaining and providing defendants with all medical records that support their claimed injuries warrants the imposition of discovery sanctions to be without merit. As noted by the undersigned during the hearing on defendants' motion to compel, plaintiffs were ordered to provide defendants with authorizations necessary to allow defendants to subpoena and obtain plaintiffs' respective medical records, and if such authorizations were insufficient to obtain the necessary documents, then defendants could later bring the issue to the court's attention. Based on the defendants' representations, it appears that all three plaintiffs have provided defendants with signed authorization forms. (ECF No. 30 at 2.) Defendants do not state in their status report that these authorizations have proven unfruitful in obtaining the relevant medical records. To the contrary, they assert that plaintiffs should first make efforts to obtain their medical records supporting their respective injuries and turn those records over to defendants.

////

1    The court did order all three plaintiffs to "produce any and all requested documents" that
2    were currently in their respective possessions, and it appears that plaintiffs have substantially
3    complied with this order.  Plaintiffs' supplemental responses to defendants' Production Request
4    No. 1 indicate that plaintiffs did not have the requested documents within their immediate
5    possessions.  The court order did not require plaintiffs to engage in further efforts to obtain the
6    requested documents from their doctors or other individuals.  Rather, as the undersigned stated
7    during the hearing, plaintiffs were to provide defendants with signed authorizations and
8    information regarding where the sought-after medical records would likely be, if plaintiffs had
9    such information.[1]  Accordingly, defendants' contention that plaintiffs' supplemental responses to
10   defendants' Production Request No. 1were insufficient is not well-taken.

11   The supplemental responses provided by Davis and Huddleston with regard to
12   Interrogatory No. 6 subpart C's request for the identities of the persons who have knowledge
13   regarding these plaintiffs' injuries also do not merit the imposition of discovery sanctions.  The
14   discovery order required plaintiffs to provide defendants with verified supplemental responses to
15   all of defendants' interrogatories; it appears that plaintiffs have done so.  During the hearing, the
16   undersigned stated that plaintiffs must include in their supplemental responses any information
17   regarding their medical care in connection with this incident, including the names of doctors and
18   other persons knowledgeable of their injuries, *if they could recall such information*.  The
19   undersigned further specified that if plaintiffs provided verified supplemental responses
20   indicating that they could not remember such information, then they would be held to those
21   responses and would not later be able to introduce witnesses or other evidence to the contrary.
22   Based on the responses defendants contest, it appears that plaintiffs claim not to remember the
23   names of the doctors or other persons who would have information regarding their injuries.
24   These two plaintiffs are now held to these responses and must live with consequences this may
25   have on the strength of their respective cases.  However, their responses do not warrant the

---

[1] Plaintiffs also state in their objections that none of them possess the requested medical records nor will the use such records to establish the severity of their respective alleged injuries.  (ECF No. 31 at 2.)  While this may be true, plaintiffs are cautioned that they may not seek to later introduce evidence that contradicts these representations.

1 imposition of discovery sanctions at this time.

2 　　　　Finally, the other two supplemental responses defendants contest, Davis' response to
3 defendants' Interrogatory No. 6 subpart F and Huddleston's response to defendants' Interrogatory
4 No. 22, also do not warrant the imposition of sanctions.  Interrogatory No. 6 subpart F requested
5 Davis to provide the amount of compensation he claims he is entitled to as a result of his specific
6 injuries and the specific method by which he calculated each amount.  (ECF No. 30 at 4.)  Davis
7 responded with the following: "Pain and suffering $25,000; Scars $25,000; Future earnings loss
8 $10,000 per year for 5 years at $50,000."  (Id.)  Defendants assert that Davis' failure to provide
9 information or documentation to support any of the stated costs gives them no indication as to
10 how Davis came up with these numbers.  Plaintiffs clarify in their objections that Davis
11 calculated these amounts on the basis of how much he believes he suffered.  (ECF No. 31 at 3.)
12 Plaintiffs further state that if there is insufficient evidence to back up Davis' amounts, then
13 defendants may use that fact to undermine Davis' case.  (Id.)  As noted a number of times during
14 the hearing, plaintiffs will be held to the information provided in their responses.

15 　　　　Defendants also take contention with the fact that Davis' response states that he is entitled
16 to $50,000 in lost future earnings.  However, plaintiffs state in their objections that Davis "will
17 not be offering a future lost earning claim at trial, and will not be seeking damages that have not
18 been provided during discovery."  (ECF No. 31 at 3.)  Furthermore, plaintiffs' counsel stated on
19 record during the discovery hearing that none of the plaintiffs in this case would be seeking
20 damages for lost future earnings.  The court noted this statement in its discovery order (ECF No.
21 29 at 2, n.2) and plaintiffs are now tied to these representations.  If any of the plaintiffs attempt to
22 make such a claim later on in this litigation, then defendants may address the issue to the court at
23 that time.  However, based on Davis' response, the court does not find that discovery sanctions
24 are presently warranted.

25 　　　　Interrogatory No. 22 asked Huddleston to describe with specificity his activities for the
26 24-hour period prior to the alleged incident with the Citrus Heights Police Department on
27 December 19, 2011.  (ECF No. 30 at 5.)  Huddleston stated in his supplemental response that he
28 was "at a lady friend's house" and that he was "sleeping at the house of a former friend."  (Id.)

4

Defendants contend that this vague supplemental response provides defendant with no ability to check or verify Huddleston's claims. (Id.)  While the court agrees that this response does not provide defendants with much detail, it is still responsive to the question posed by Interrogatory No. 22.  Plaintiffs explain in their objections that Huddleston did not reveal the identities of the persons with whom he claims to have spent time with in his response because he will not be calling them as witnesses. (ECF No. 31 at 3.)  Furthermore, if defendants are unsatisfied with the information obtained through this interrogatory, they may still take Huddleston's deposition to try and obtain more information on this subject.  Accordingly, while plaintiffs may not later introduce witnesses or other evidence that is not adequately supported by this response, the discovery sanctions defendants seek are not merited.

In light of the fact that plaintiffs have substantially complied with the court's discovery order, the court finds it unnecessary to impose the requested discovery sanctions on plaintiffs at this time.  Nevertheless, plaintiffs are again cautioned that they will be held to the responses they have provided to defendants and may not seek to later introduce evidence related to claims not properly supported by these responses.

Accordingly, IT IS HEREBY ORDERED that defendants' request for discovery sanctions (ECF No. 30) is denied.

IT IS SO ORDERED.

Dated:  June 3, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE